■ BELCHER COMPANY OF NEW YORK, INC., Appellant-Respondent, v COUNTY OF NASSAU, Respondent-Appellant, and STATE OF NEW YORK, Respondent.—In an action for a judgment declaring the defendant County of Nassau liable for the gross receipts tax on all petroleum products purchased by it pursuant to a contract between the plaintiff and the New York State Office of General Services, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated September 11, 1984, as denied its motion for summary judgment and granted the motion of the defendant State of New York for dismissal of the complaint insofar as it

is asserted against it, and (2) the defendant County of Nassau cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

On or about August 1, 1983, the New York State Office of General Services awarded the plaintiff a contract to supply fuel oil for designated State facilities. The Commissioner of General Services subsequently permitted the defendant County of Nassau to purchase fuel oil from the plaintiff at the same rates set forth in the State contract. The defendant county issued to the plaintiff a blanket order for the delivery of fuel oil for the period August 1, 1983 to July 31, 1984. The plaintiff thereafter began billing the defendant county for the gross receipts tax attributable to these sales. The defendant county refused to pay this tax, alleging that it was exempt from having the gross receipts tax passed along to it. The plaintiff subsequently commenced the instant action for a judgment declaring that the defendant county was liable to the plaintiff for the gross receipts tax that the plaintiff, as an oil company, was required to directly pay to the State *(see,* Tax Law art 13-A; Tax Law § 300 *et seq.,* as added by L 1983, ch 400, § 8).

Special Term, *inter alia,* denied the plaintiff's motion for summary judgment, as well as the defendant county's cross motion for summary judgment.

We agree with Special Term's determination.

Contrary to the argument raised by the defendant county before Special Term in its cross motion for summary judgment, this court held in January 1986 that the tax on gross receipts from sales of petroleum, imposed directly upon an oil company by Tax Law article 13-A, could be passed along to the purchaser, even when the latter was the State or one of its political subdivisions *(see, Manhattan & Queens Fuel Corp. v County of Nassau,* 113 AD2d 595, *affd* 68 NY2d 833 *on opn at App Div).* Accordingly, Special Term correctly denied the defendant county's cross motion for summary judgment. Special Term was also correct in denying the plaintiff's motion for summary judgment. Although the plaintiff oil company was permitted to pass along the gross receipts tax to the defendant purchaser *(see, Manhattan & Queens Fuel Corp. v County of Nassau,* 113 AD2d 595, *supra),* it could only do so if the contract between it and the defendant purchaser provided therefor *(see,* 1981 Opns St Comp No. 81-316). Special Term

correctly noted that the contract between the plaintiff and the New York State Office of General Services, pursuant to which the oil was delivered to the defendant county, was not submitted as evidence before the court and the record before Special Term is otherwise silent as to the terms and conditions of that contract. Accordingly, Special Term properly found the existence of a triable issue of fact so as to preclude the granting of the plaintiff's motion for summary judgment.

We have reviewed the plaintiff's remaining argument and find it to be without merit. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.